UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN ANTHONY GIUNTI;<br>INTERACTIVE MEDIA SOLUTIONS, LLC,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-01504-BEN-BLM<br><br>**FINAL JUDGMENT AS TO DEFENDANTS JOHN ANTHONY GIUNTI AND INTERACTIVE MEDIA SOLUTIONS, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendants JOHN ANTHONY GIUNTI AND INTERACTIVE MEDIA SOLUTIONS, LLC (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

///

///

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

///

///

1  (b) to obtain money or property by means of any untrue statement of a material
2  fact or any omission of a material fact necessary in order to make the statements made, in
3  light of the circumstances under which they were made, not misleading;    or
4  (c) to engage in any transaction, practice, or course of business which operates
5  or would operate as a fraud or deceit upon the purchaser.
6  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
7  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the
8  following who receive actual notice of this Final Judgment by personal service or
9  otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b)
10 other persons in active concert or participation with Defendants or with anyone described
11 in (a).

## III.

13 IT IS ORDERED, ADJUDGED, AND DECREED that, pursuant to
14 Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the
15 Securities Act [15 U.S.C. § 77t(e)]], Defendant John Anthony Giunti is prohibited from
16 acting as an officer or director of any issuer that has a class of securities registered
17 pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file
18 reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IV.

20 IT IS ORDERED, ADJUDGED, AND DECREED that Defendants are, jointly and
21 severally, liable for disgorgement of **$457,960,** representing profits gained as a result of
22 the conduct alleged in the Complaint, together with prejudgment interest thereon in the
23 amount of **$25,053.** In addition, Defendant John Anthony Giunti is liable for a civil
24 penalty in the amount of **$457,960,** pursuant to Section 20(d) of the Securities Act and
25 Section 21(d)(3) of the Exchange.
26 Defendants shall satisfy these obligations within 14 days after entry of this Final
27 Judgment. Defendants may transmit payment electronically to the Commission, which
28 will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

1  be made directly from a bank account via Pay.gov through the SEC website at
2  http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check,
3  bank cashier's check, or United States postal money order payable to the Securities and
4  Exchange Commission, which shall be delivered or mailed to:
5     Enterprise Services Center
   Accounts Receivable Branch
6     6500 South MacArthur Boulevard
7     Oklahoma City, OK 73169
8  and shall be accompanied by a letter identifying the case title, civil action number, name
9  of this Court; Defendants' names; and specifying that payment is made pursuant to this
10  Final Judgment.
11       Defendants shall simultaneously transmit photocopies of evidence of payment and
12  case identifying information to the Commission's counsel in this action.  By making this
13  payment, Defendants relinquish all legal and equitable right, title, and interest in such
14  funds and no part of the funds shall be returned to Defendants.  The Commission shall
15  send the funds paid pursuant to this Final Judgment to the United States Treasury.
16       The Commission may enforce the Court's judgment for disgorgement and
17  prejudgment interest by moving for civil contempt (and/or through other collection
18  procedures authorized by law) at any time after 14 days following entry of this Final
19  Judgment.  Defendants shall pay post judgment interest on any delinquent amounts
20  pursuant to 28 U.S.C. § 1961.
21                                    V.
22       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
23  John Anthony Giunti is permanently enjoined from directly or indirectly, including but
24  not limited to through any entity owned or controlled by him, participating in the
25  issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer.
26  Provided, however, that such injunction shall not prevent him from purchasing or selling
27  securities listed on a national securities exchange for his own personal account.
28  ///

VI.

IT IS ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant John Anthony Giunti, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: August 7, 2017

HON. ROGER T. BENITEZ
United States District Judge